IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLOTTE JEAN LONG, )<br>         Plaintiff, )<br>)<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>         Defendant. ) | Civil Action No. 10-1543<br>Electronically Filed |

**MEMORANDUM OPINION RE: PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT (DOC. NOS. 7 & 9)**

**I.    Introduction**

Plaintiff, Charlotte Jean Long ("Plaintiff", "Long"), brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the "Act"), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application supplemental security income ("SSI"). The parties have submitted Cross-Motions for Summary Judgment on the record developed at the administrative proceedings. For the following reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 9) will be denied. The Commissioner's Motion for Summary Judgment (Doc. No. 7) will be granted and the administrative decision of the Commissioner will be affirmed.

**II.    Procedural History**

Long protectively filed for SSI disability benefits in early 2008.[1] The application was denied by the state agency on August 29, 2008. R. 66-79. Long responded on September 4,

---

[1] It appears that Long has filed several applications for benefits, beginning in December 2006. R. 125-148. Although Plaintiff alleged that she is appealing the denial of disability insurance benefits she filed for in December 17, 2006 (Doc. No. 10, 1), it appears that the ALJ's decision

2008, by filing a timely request for an administrative hearing. R. 80-82. On November 13, 2009, an administrative hearing was held in Morgantown, West Virginia, before Administrative Law Judge ("ALJ") George Mills, III. R. 21-60. Long, who was represented by counsel, appeared and testified. R. 26-5. Timothy Mahler, an impartial vocational expert ("VE"), also testified. R. 50-55.

In a decision dated December 8, 2009, the ALJ determined that Long was not "disabled" within the meaning of the Act. R. 10-16. The Appeals Council denied Long's request for review on October 5, 2010, thereby making the ALJ's decision the final decision of the Commissioner in this case. R. 1-3.

Long commenced the present action on November 19, 2010, seeking judicial review of the Commissioner's decision. Doc. No. 1. Long and the Commissioner filed Cross-Motions for Summary Judgment on March 21, 2011. Doc. Nos. 7 & 9. These Motions are the subject of this Memorandum Opinion.

## III. Statement of the Case

In his decision, the ALJ made the following findings:

1. The claimant had not engaged in substantial gainful activity since January 25, 2008, the application date. 20 C.F.R. § 416.971 *et seq.*

2. The claimant had the following severe impairments: fibromyalgia; history of asthma/sarcoidosis; depression and OCD. 20 C.F.R. § 416.920(c).

---

at issue denied her January 25, 2008 application for supplemental security income, alleging disability beginning January 1, 2005, due to fibromyalgia, restless leg syndrome and obsessive compulsive disorder ("OCD"). Therefore, the only ALJ decision presently under review is ALJ George Mills III's December 8, 2009 decision. R. 10-16.

2

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b); ability to switch positions from sitting to standing for 10 minutes every hour; occasional postural movement except no climbing ladders, roper, or scaffolds; avoid concentrated exposure to temperature extremes, airborne respiratory irritants, and workplace hazards; unskilled work; and no rapid production/quota work.

5. The claimant has no past relevant work within the past 15 years. 20 C.F.R. § 416.965.

6. The claimant was born on August 21, 1973, and is currently 36 years old, which is defined as a younger individual. 20 C.F.R. § 416.963.

7. The claimant has a least a high school education and is able to communicate in English. 20 C.F.R. § 416.964.

8. Transferability of job skills is not an issue in this case because the claimant does not have past relevant work. 20 C.F.R. § 416.968.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. 20 C.F.R. § 416.969 and 416.969(a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since January 25, 2008, the date the application was filed. 20 C.F.R. § 416.920(g).

R. 10-16.

## IV. Standard of Review

This Court's review is limited to determining whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-1191 (3d Cir. 1986). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience,

engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions, he or she must make specific findings of fact. *Stewart v. Sec'y of Health, Educ. & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rule making authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court has summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity."[20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (footnotes omitted).

In an action in which review of an administrative determination is sought, the agency's decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision. In *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194 (1947), the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196.

The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the Court's review is limited to the four corners of the ALJ's decision. It is on this standard that the Court has reviewed the parties' Cross-Motions for Summary Judgment.

**V.  Discussion**

In support of her Motion for Summary Judgment, Long argues that the ALJ failed to properly weigh her subjective complaints of pain that she suffers due to fibromyalgia. Doc. No. 10, 5. Specifically, Long contends that the ALJ discounted her subjective complaints of pain without taking into account that, by nature, no objective medical tests exist that can diagnose or evaluate the severity of her impairment. Id. The Commissioner contends that the ALJ properly considered Long's physical impairments and credited her subjective complaints of functional limitations from fibromyalgia by reducing her residual functional capacity from a full range of heavy work to a range of light work that allowed for a sit/stand option for comfort. Doc. No. 8,

14. Therefore, the Commissioner argues that the ALJ's decision is supported by substantial evidence. Doc. No. 8.

To understand Long's argument, it is necessary to discuss the nature of fibromyalgia.[2] Fibromyalgia's only symptoms are a history of widespread pain and pain in eleven of eighteen tender point sites on digital palpitation. The American College of Rheumatology, <u>1990 Criteria for the Classification of Fibromyalgia</u>. It is "recognized by the typical pattern of diffuse fibromyalgia and non-rheumatic symptoms (e.g. poor sleep, anxiety, fatigue, irritable bowel symptoms), by exclusion of significant contributory or underlying diseases (e.g. generalized osteoarthritis, RA, polymyositis, polymyalgia rheumatic, other connective tissue disease), and by exclusion of psychogenic muscle pain and spasm." <u>Merck Manual</u>, pg. 481. As noted by Long, because fibromyalgia's symptoms are entirely subjective, it presents difficulty in evaluating legal disability. *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996).

Here, although Long's physical impairment is one in which there is little possibility of objective medical support, it is clear from this Court's review that the ALJ's decision contains substantial evidence to support his decision that Long's subjective complaints were significantly exaggerated. Long is correct that the ALJ's decision would not have been supported by substantial evidence if the ALJ rejected her complaints of pain due to fibromyalgia solely due to the "lack [of] any objective support." Doc. No. 10, 6. This is because, as noted by Long, "there are no laboratory tests for the presence or severity of fibromyalgia." *Sarchet*, 78 F.3d at 306.

The ALJ supported his decision by citing the lack of objective support, not for Long's fibromyalgia, but for her testimony that "she is only able to stand and/or walk for a few minutes, needs a cane, and can lift only a can of ravioli or a bag of chips." R. 13. As in *Romaine v.*

---

[2] The Court notes that Long only challenges the ALJ's findings in respect to her fibromyalgia. Doc. No. 10. Therefore, the Court's discussion will be limited to Long's fibromyalgia.

*Astrue*, 2009 U.S. Dist. LEXIS 86600 (Sept. 22, 2009)(Diamond, J.), whose reasoning this Court finds persuasive, the ALJ found that Long suffered from a severe impairment of fibromyalgia, but rejected that she had the "extreme" functional limitations that she testified to.

A review of the record confirms that there is no medical evidence to support Long's inability to stand and/or walk short distances or that she ever used a cane or could only lift very light objects. Indeed, notes from Dr. Seaman, Long's rheumatologist, documented that during the course of treatment, she complained of "mild" and "diffuse" arthralgia/myalgia. R. 408, 410. In an examination report, Dr. Fagioletti noted that Long "complained of pain as 'mild-to-moderate' to palpitation." R. 500. A physical residual functional capacity assessment completed by Dr. Juan B. Mari-Mayans also indicates that, although Long suffers from fibromyalgia, her ability to work is not completely prohibited by resulting functional limitations. R. 492.

The ALJ was not bound to accept Long's alleged functional limitations just because fibromyalgia is difficult to assess, but was required to "give serious consideration to the claimant's subjective complaints . . . ." *Ventura v. Shalala*, 55 F.3d 900, 903 (3d Cir. 1995) citing *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993). Here, the ALJ properly based his review of the record upon his weighing medical opinion evidence against Long's alleged functional limitations. As discussed in *Prokopick v. Commissioner of Social Security*, 272 Fed. Appx. 196 (3d Cir. 2008)(not precedential), "under the regulations an ALJ may not base a finding of disability solely on a claimant's statements about disabling pain; the ALJ must evaluate 'the extent to which [a claimant's] symptoms can reasonably be accepted as consistent with objective medical evidence and other evidence.'" 20 C.F.R. § 404.1529(a). As in *Prokopick*, the ALJ "sufficiently explained his reasons for finding [claimant's] complaints of pain overstated." *Prokopick*, 272 Fed. Appx. 196 at 199-200.

Indeed, the AJL not only found that Long's fibromyalgia was a severe impairment, he also credited her alleged functional limitations to the extent that many of them were incorporated into her residual functional capacity assessment. R. 13. For example, Long was limited to light work jobs in which she was able to switch from sitting to standing for ten minutes every hour, she was limited to only occasional postural movements, concentrated exposure to temperature extremes, and workplace hazards; and restricted from climbing ladders, ropes, or scaffolds. R. 13. Based upon this residual functional capacity, the ALJ identified several occupations which Long would be capable of performing. R. 16.

The ALJ was also not required to accept Dr. Pollock's opinion that Long "is disabled from the combination of her psychiatric diagnosis and her fibromyalgia." R. 521. It is clear from this Court's review of the ALJ's decision that serious consideration was given to Long's alleged impairments, including Dr. Pollock's opinion. The ALJ's decision to reject such a finding because he believed it lacked objective support in the medical evidence of record was proper, in part, because such an opinion is not entitled to controlling weight and is an issue reserved solely for the Commissioner. 20 C.F.R. § 416.927(e), SSR 96-5p. It is clear from the ALJ's decision that significant consideration was given to all aspects of Long's medical record and therefore, this Court finds that the ALJ's decision is based on substantial evidence.

**VI.    Conclusion**

In sum, the Court finds that the ALJ gave substantial consideration to Long's subjective complaints of pain and difficulty walking, sitting, and lifting as a result of her fibromyalgia. The ALJ accepted Long's diagnosis of fibromyalgia as a severe impairment and further incorporated many of Long's alleged functional limitations in her residual functional capacity assessment. R. 13. The evidence as a whole does not support a finding that Long's fibromyalgia results in

9

limitations which preclude her from performing the representative occupations identified by the vocational expert and relied upon by the ALJ. Therefore, based on the ALJ's thorough review of the record in this case, which involves an impairment which is particularly difficult in the disability context, this Court will affirm the ALJ's decision because it is based upon substantial evidence.

An appropriate Order follows.

                                             s/ Arthur J. Schwab
                                             Arthur J. Schwab
                                             United States District Judge